UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

ROBERT J. TOLCHIN, ESQ.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11021

Case no. 20-CV-2201

**COMPLAINT**

Plaintiffs,

-against-

DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220,

OFFICE OF FOREIGN ASSETS CONTROL
1500 Pennsylvania Avenue, NW - Annex
Washington, D.C. 20220,

Defendants.

-------------------------------------------------------------------X

Plaintiff, complaining of the defendant, by their attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint, upon information and belief, as follows:

**THE PARTIES**

1.  Plaintiff Robert J. Tolchin, Esq. ("Tolchin") is a natural person, is a citizen and resident of the State of New York, and is an attorney licensed to practice law.

2.  Plaintiff Tolchin represents U.S. nationals killed or injured by terrorist groups.

3.  Defendant Department of the Treasury ("Treasury") is a department of the government of the United States of America.

4. Defendant Office of Foreign Assets Control ("OFAC") is a unit within the Defendant Treasury.

## JURISDICTION AND VENUE

5. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## THE UNDERLYING FACTS

7. On June 20, 2018 Plaintiff submitted a FOIA request via an online form to Defendant Treasury pursuant to the Freedom of Information Act ("FOIA Request") seeking the following materials:

   1. All documents concerning all funds, and the net proceeds from the sale of property, forfeited or paid to the United States after December 18, 2015, as a criminal penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act (50 USC 1701 et seq.) or the Trading With the Enemy Act (50 USC App. 1 et seq.), or any related criminal conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with, or acting on behalf of, a state sponsor of terrorism.

   2. All documents concerning any funds, or proceeds from sale of property, forfeited or paid to the United States after December 18, 2015, as a civil penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act (50 USC 1701 et seq.) or the Trading With the Enemy Act (50 USC App. 1 et seq.), or any related conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting on behalf of a state sponsor of terrorism.

   3. All documents concerning all funds transferred to the United States Victims of State Sponsored Terrorism Fund (34 USC 20144(e)).

4. All documents concerning any funds transferred to the United States Victims of State Sponsored Terrorism Fund that are proceeds of the litigation *In Re 650 Fifth Avenue & Related Properties,* No. 08-cv-10934 (S.D.N.Y. filed Dec. 17, 2008).

5. All documents concerning any funds transferred to the United States Victims of State Sponsored Terrorism Fund that are proceeds of the litigation Peterson v. Islamic Republic of Iran, No. 10-cv-4518 (S.D.N.Y.)

8. Defendant Treasury acknowledged the FOIA Request in writing on June 22, 2018. A copy of the acknowledgement letter is attached as Ex. A.[1]

9. The acknowledgment letter indicated that this FOIA Request had been assigned reference number 2018-06-135. (Ex. A).

10. The Acknowledgment letter indicated that this FOIA Request had been assigned to Defendant OFAC (Ex. A).

11. On June 29, 2018 the OFAC FOIA Office contacted Plaintiff by email acknowledging the FOIA Request and asking to set up a call to discuss it. (Ex B).

12. A call was held on or about July 3, 2018 between Plaintiff and a representative of the OFAC FOIA office.

13. On July 23, 2018 OFAC sent a letter acknowledging receipt of the FOIA Request (Ex. C).

14. On September 12, 2018 Plaintiff inquired by email about the status of the FOIA Request and received an email from the OFAC FOIA office saying "there are 179 open cases pending ahead of yours in our processing queue." (Ex. D).

---

[1] It should be noted that the acknowledgement letter contains a typographical error, stating "65 Fifth Avenue" where it should state "650 Fifth Avenue."

15. Plaintiff inquired about the status of the FOIA Request by email on November 1, 2018, and received an email back that same day saying "there are 158 open cases pending ahead of yours in our processing queue." (Ex. E).

16. Nothing further was heard from the OFAC FOIA Unit.

17. On June 12 2020—just shy of two <u>years</u> since the FOIA Request had been submitted, Plaintiff Tolchin inquired by email about the status of the FOIA Request (Ex. F).

18. On June 17, 2020 Marshall Fields, Assistant Director, Information Disclosure and Records Management, Office of Sanctions Support and Operations, Office of Foreign Assets Control contacted Plaintiff by telephone and informed him that OFAC was still not ready to comply with the FOIA Request.

19. The information sought is important to Plaintiff for use in his representation of victims of terrorism.

20. The United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144 created a fund to compensate victims of terrorism who have obtained judgments against state sponsors of terrorism under the state sponsored terrorism exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A or 1606(a)(7), as well as the President Carter era hostages held by Iran ("USVSST Fund").

21. After an initial allocation made in the first year of the USVSST Fund's existence, the USVSST Fund is funded as follows:

**(2) Deposit and transfer**

Beginning on December 18, 2015, the following shall be deposited or transferred into the Fund for distribution under this section:

**(A) Forfeited funds and property**

**(i) Criminal funds and property**

> *All funds, and the net proceeds from the sale of property, forfeited or paid to the United States after December 18, 2015, as a criminal penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.) or the Trading with the Enemy Act (50 U.S.C. App. 1 et seq.), or any related criminal conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting on behalf of, a state sponsor of terrorism.*

### (ii) Civil funds and property

> Seventy-five percent[2] of *all funds*, and seventy-five percent of the *net proceeds from the sale of property, forfeited or paid to the United States after December 18, 2015, as a civil penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.) or the Trading with the Enemy Act (50 U.S.C. App. 1 et seq.),1 or any related conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting on behalf of, a state sponsor of terrorism.*

**(B) Transfer into Fund of certain assigned assets of Iran and election to participate in Fund**

### (i) Deposit into Fund of assigned proceeds from sale of properties and related assets identified in In Re 650 Fifth Avenue & Related Properties

#### (I) In general

> Except as provided in subclause (II), if the United States receives a final judgment forfeiting the properties and related assets identified in the proceedings captioned as In Re 650 Fifth Avenue & Related Properties, No. 08 Civ. 10934 (S.D.N.Y. filed Dec. 17, 2008), *the net proceeds (not including the litigation expenses and sales costs incurred by the United States) resulting from the sale of such*

---

[2] At the time the demand was made, the statute said 50%. It was amended to 75% in 2019.

*properties and related assets* by the United States shall be deposited into the Fund.

**(II) Limitation**

The following proceeds resulting from any sale of the properties and related assets identified in subclause (1) shall not be transferred into the Fund:

(aa) The percentage of proceeds attributable to any party identified as a Settling Judgment Creditor in the order dated April 16, 2014, in such proceedings, who does not make an election (described in clause (iii)) to participate in the Fund.

(bb) The percentage of proceeds attributable to the parties identified as the Hegna Judgment Creditors in such proceedings, unless and until a final judgment is entered denying the claims of such creditors.

**(ii) Deposit into Fund of assigned assets identified in Peterson v. Islamic Republic of Iran**

If a final judgment is entered in Peterson v. Islamic Republic of Iran, No. 10 Civ. 4518 (S.D.N.Y.), awarding the assets at issue in that case to the judgment creditors identified in the order dated July 9, 2013, those assets shall be deposited into the Fund, but only to the extent, and in such percentage, that the rights, title, and interest to such assets were assigned through elections made pursuant to clause (iii).

34 U.S.C. § 20144(E)(2) (italics added)

22. As can easily be seen, the FOIA Request was based on this statute, and the italicized language from the statute was repeated directly in in the FOIA Request.

23. By making the FOIA Request, Plaintiff was seeking to obtain documentation that could be used to verify that all money that was supposed to go into the USVSST Fund per the statute that created the Fund actually went into the Fund, was accounted for, and was properly distributed to victims of terrorism.

24. The structure of the USVSST Fund is such that it makes a distribution to all eligible claimants each year when there are funds available in the Fund. 34 U.S.C. § 20144(d)(4).

25. Since its creation in 2015, the USVSST Fund has authorized three rounds of distributions, one in 2016 when $1.10445 billion was allocated, one in 2019 when $1.095 billion was allocated, and one in 2020 when $1.075 billion was allocated.[3] This is documented in the USVSST Fund's report to Congress dated June 2020 (Ex. G).

26. In order to determine the amounts available for distribution, the very information sought by Plaintiff's FOIA Request perforce had to be available, unless the USVSST Fund is violating its statutory authority.

27. It should therefore not be difficult, nor should it require more than two years, to provide the information sought in the FOIA Request, as this very information must have already been accumulated and provided to the USVSST Fund.

28. Indeed, Defendants must have provided this information to the USVSST Fund multiple times, since there have been multiple distributions and allocations by the Fund.

29. Defendants' delay in providing a substantive response to the FOIA Request is thus inexcusable.

30. Defendants' delay has become all the more important because on July 31, 2020 the USVSST Fund posted on its website a notice that there are insufficient funds in the Fund for there to be a distribution in 2021:

---

[3] The 2020 allocation has not actually been distributed. It has been "authorized" but individual claimant allocations and payments have been delayed for unknown—and problematic—reasons.

> The third-round payments will be the only payments the USVSST Fund authorizes or makes in 2020. The USVSST Fund will not authorize fourth-round payments by January 1, 2021.
>
> After distributing the amount allocated for the third round, the amount of funds remaining in the USVSST Fund and available for distribution will be insufficient to authorize another round of payments by January 1, 2021, the next potential authorization date under the statutory schedule. The USVSST Fund is continuing to work diligently to identify matters that qualify for deposit. The USVSST Fund will continue to accumulate deposits and will make future distributions when there are sufficient funds.

http://www.usvsst.com/index.php (last viewed Aug. 11, 2020) (Ex. H).

31. In order for Plaintiff to properly represent his clients who are eligible to receive distributions from the USVSST Fund and to be able to advise them whether to challenge the Fund's announcement that there are insufficient funds available to make a 2021 distribution, Plaintiff requires the information sought in the FOIA Request.

## **AS AND FOR A FIRST CLAIM FOR RELIEF**

32. Plaintiffs repeat and re-allege each of the foregoing allegations with the same force and effect as if more fully set forth herein.

33. Upon information and belief, Defendants have possession and control of the FOIA Requested records and are responsible for fulfilling Plaintiff's FOIA Request.

34. Upon information and belief, the records sought in Plaintiff's FOIA Request are not subject to complete withholding under any of the exemptions from public disclosure set forth in 5 U.S.C. § 552(b), nor have Defendants identified any such exemption or any such affected documents.

35. Therefore, Defendants' failure to provide the records responsive to Plaintiff's FOIA Request violates Plaintiffs rights under 5 U.S.C. § 552.

36. Defendants' failure to formally deny Plaintiff's FOIA Request prevents Plaintiff from appealing Defendant's failure to provide records responsive to its FOIA Request. See 5 U.S.C. § 552(a)(6)(A)(i) and (ii). Absent this denial, and because Defendants have failed to comply with FOIA's applicable 20-day time limits, Plaintiff is "deemed to have exhausted [its] administrative remedies," and accordingly brings this lawsuit seeking a declaration that OFAC is obligated to provide it with copies of the records sought in Plaintiff's FOIA Request. See 5 U.S.C. § 552(a)(6)(C)(i).

37. Plaintiff is thus entitled to a declaration that Defendants are obligated to provide the records sought in the FOIA Request.

## AS AND FOR A SECOND CLAIM FOR RELIEF

38. Plaintiffs repeat and re-allege each of the foregoing allegations with the same force and effect as if more fully set forth herein.

39. As a result of the foregoing, Plaintiff is entitled to an injunction compelling Defendants to provide Plaintiffs with copies of the records sought in its FOIA Request forthwith.

**WHEREFORE**, the plaintiffs demand judgment against the Defendants

a. Declaring that Plaintiff is entitled to copies of the records sought in its FOIA Request;

b. Compelling Defendants to collect and give Plaintiffs the records requested in its FOIA Request;

c. Awarding Plaintiffs reasonable attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

d. Granting other and such further relief as is just and proper under the circumstances.

Dated:   Brooklyn, New York
         February 19, 2019

                                                Yours,

                                                THE BERKMAN LAW OFFICE, LLC
                                                *Attorneys for the plaintiffs*

                                          by:  _____
                                                  Robert J. Tolchin
                                                  Bar # NY0088

                                                111 Livingston Street, Suite 1928
                                                Brooklyn, New York 11201
                                                (718) 855-3627