UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ROBERT J. TOLCHIN, ESQ., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF THE TREASURY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 20-2201 (BAH) |

## ANSWER

Defendants the Department of Treasury (the "Department") and its Office of Foreign Assets Control ("OFAC") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by plaintiff Robert J. Tolchin, Esq. ("Plaintiff").

## RESPONSES TO NUMBERED PARAGRAPHS

All allegations not specifically admitted are denied. The statement before paragraph 1 is Plaintiff's characterization of his own action to which no response is required.

## THE PARTIES[1]

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

---

[1] For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit that OFAC is a component of the Department.

## JURISDICTION AND VENUE

5. Paragraph 5 contains a legal conclusion to which no response is required.

6. Paragraph 6 contains a legal conclusion to which no response is required.

## THE UNDERLYING FACTS

7. Defendants admit that the Department received a Freedom of Information Act ("FOIA") request from Plaintiff dated June 20, 2018. The remaining allegations in paragraph 7 refer to Plaintiff's FOIA request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Plaintiff's FOIA request for a full and accurate statement of its contents.

8. Defendants admit the allegations in paragraph 8.

9. Paragraph 9 refers to the Department's letter to Plaintiff dated June 22, 2018, a copy of which is attached to Plaintiff's Complaint as exhibit A and speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the Department's June 22, 2018 letter for a full and accurate statement of its contents.

10. Paragraph 10 refers to the Department's letter to Plaintiff dated June 22, 2018, a copy of which is attached to Plaintiff's Complaint as exhibit A and speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the Department's June 22, 2018 letter for a full and accurate statement of its contents.

11. Defendants admit that the OFAC FOIA Office sent Plaintiff an email dated June 29, 2018 and that a copy of that email is attached to Plaintiff's Complaint as exhibit B. The remaining allegations in paragraph 11 refer to the email from the OFAC FOIA Office to Plaintiff

which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the June 29, 2018 email from the OFAC FOIA Office to Plaintiff for a full and accurate statement of its contents.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit that Marshall Fields, Assistant Director, Information Disclosure and Records Management, Office of Sanctions Support and Operations, Office of Foreign Assets Control contacted Plaintiff by telephone on June 17, 2020. Defendants deny the remaining allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. Paragraph 20 contains Plaintiff's characterization of the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, for a full and accurate statement of its contents.

21. Paragraph 21 contains Plaintiff's characterization of the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, for a full and accurate statement of its contents.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. Paragraph 24 contains Plaintiff's characterization of the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, for a full and accurate statement of its contents.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. Paragraph 26 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

## **AS AND FOR A FIRST CLAIM FOR RELIEF**

32. Defendants incorporate by reference their responses set forth above.

33. Paragraph 33 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the first sentence of paragraph 36. The second sentence of paragraph 36 characterizes the nature of Plaintiff's action to which no response is required. To the extent a response is required, Defendants deny the allegations.

37. Defendants deny the allegations in paragraph 37.

## **AS AND FOR A SECOND CLAIM FOR RELIEF**

38. Defendants incorporate by reference their responses set forth above.

39. Defendants deny the allegations in paragraph 39.

The remaining allegations following the "wherefore" clause of the Complaint assert Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## **DEFENSES**

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**First Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**Second Defense**

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).


Dated: September 17, 2020
Washington, DC

                                          Respectfully submitted,

                                          MICHAEL R. SHERWIN
                                          Acting United States Attorney

                                          DANIEL F. VAN HORN, D.C. Bar #924092
                                          Chief, Civil Division

                                          By:      /s/ *Michael A. Tilghman II*
                                          MICHAEL A. TILGHMAN II
                                          D.C. Bar #988441
                                          Assistant United States Attorney
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 252-7113
                                          Michael.Tilghman@usdoj.gov

                                          *Attorneys for the United States of America*