UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT J. TOLCHIN, ESQ., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE TREASURY, *et al.*, <br><br> Defendants. | Civil Action No. 20-2201 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 11, 2021 Minute Order, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report.

**DEFENDANTS' STATEMENT**

Plaintiff Robert J. Tolchin, Esq. ("Plaintiff") sued Defendants the Department of Treasury (the "Department") and the Office of Foreign Assets Control ("OFAC") (collectively, "Defendants") under the Freedom of Information Act ("FOIA"), alleging that Defendants have failed to provide documents responsive to Plaintiff's FOIA request to the Department seeking "[a]ll documents concerning any funds, or proceeds from sale of property, forfeited or paid to the United States after December 18, 2015 as a criminal [or civil] penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act (50 U.S.C. §1701 et seq.) or the Trading With the Enemy Act (50 U.S.C. App. 1 et seq.) or any related conspiracy, scheme, or other federal offense arising from the actions of, or doing business with or acting on behalf of a state sponsor of terrorism." Compl. (ECF No. ¶ 7). Plaintiff alleges that his FOIA request also included, among other things, a request for "[a]ll documents concerning all funds transferred to the United States Victims of State Sponsored

Terrorism Fund (34 USC 20144(e)).ˮ *Id*. Defendants answered Plaintiff's Complaint on September 17, 2020.

Defendants informed the Court in Defendants' Status Report dated January 5, 2021 (ECF No. 9) that on November 9, 2020, the Treasury Executive Office for Asset Forfeiture ("TEOAF") released to Plaintiff a seven-page accounting document referencing forfeiture payments received by the Department and transmitted to the United States Victims of State Sponsored Terrorism Fund. Defendants further informed the Court that OFAC located approximately 1,500 responsive pages and anticipated that it could provide a first interim response around the second week of February 2021.

OFAC still anticipates that it will provide its first interim response the week of February 8, 2021—consisting of responsive non-exempt information sent to the Department of Justice for the first consultation—and anticipates that it will provide a second interim response by March 31, 2021. The second interim response will include records sent for consultation to the Federal Reserve Bank and Department of Justice records that were part of its second consultation that will be undergoing subject matter expert review. In between the first and second interim responses, OFAC intends to prepare and send out determination notices to all 12 submitters to whom OFAC sent submitter notices, finalize document conversions, process documents received back from consultation with the Federal Reserve Board, and send additional pages for consultation with the Department of Justice. The 12 submitters will have 10 days to review the determination notices.

As noted previously, OFAC's work is ongoing despite the COVID-19 pandemic and the large number of other FOIA requests being handled by OFAC's FOIA analysts, which have impacted the overall speed of operations.

Defendants object to Plaintiff's request for a status conference. Plaintiff claims that the stated "larger purpose of []his FOIA request was to probe the Treasury department to find out about money in the categories enumerated in 34 U.S.C. § 20144(E)(2) that should have been transmitted to the USVSST Fund but were not so transmitted." Plaintiff, however, has not definitively narrowed the scope of his broad FOIA request. Nor has Plaintiff met and conferred or inquired with Defendants to ascertain whether they are likely to have the type of documents he contends will satisfy the larger purpose of his FOIA request. As such, Defendants respectfully propose that the parties submit another joint status report by March 8, 2021. A proposed order is attached.

**PLAINTIFF'S STATEMENT**

Plaintiff feels as if this matter is stuck in some kind of Kafkaesque version of Kabuki theatre. Defendants are going through the motions of responding in some ritualized fashion to the complaint, but nothing has been produced, and the things Defendants say they are going to produce are not particularly responsive or helpful, but we have been exhorted now for months to wait to see what will be produced, even though it is foreseeable that what will be produced will be beside the point.

Title 34 U.S.C. § 20144(E)(2) required certain proceeds of fines and forfeitures to be deposited into a special fund at Treasury known as the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"). It is publically known that certain cases resulted in funds actually being deposited into the USVSST Fund. See, e.g., the website of the USVSST Fund, http://www.usvsst.com/deposits.php, although that website does not provide specifics about amounts and categories of the money received by the USVSST Fund on those cases. Presumably what Defendants intend to produce on February 8 or March 31 will provide some illumination as

to that. However, the larger purpose of this FOIA request was to probe the Treasury department to find out about money in the categories enumerated in 34 U.S.C. § 20144(E)(2) that should have been transmitted to the USVSST Fund but were not so transmitted. In other words, Plaintiff is trying to determine whether there is any money that fell through the cracks and should be deposited into the USVSST Fund but was not. Defendants' promises to provide further information about money that was transmitted to the USVSST Fund will be utterly non-informative about that.

Plaintiff has raised these concerns in previous status reports, but each time the matter gets adjourned with a date for a new status report. Plaintiff respectfully requests that the Court set this matter down for a conference at which the disconnect between what Plaintiff is seeking and what Defendants are saying they are intending to produce can be addressed.

Defendants oppose the request for a status conference because Plaintiff has not "narrowed the scope" of the FOIA request. That is absurd. Plaintiff does not wish to narrow the scope. Plaintiff wishes to obtain precisely what was requested and is not required to narrow the scope. Similarly absurd is Defendant's statement that Plaintiff was required to meet and confer to "inquire[] with Defendants to ascertain whether they are likely to have the type of documents" sought. Plaintiff is seeking nothing other than what is stated in the statute. If Defendants have nothing responsive, they can close this matter by saying so under oath, or else they should produce the documents. This is nothing to meet and confer about.

- 5 -

Respectfully submitted,

| | |
|---|---|
| THE BERKMAN LAW OFFICE, LLC | MICHAEL R. SHERWIN<br>Acting United States Attorney |
| by: /s/ Robert J. Tolchin<br>ROBERT J. TOLCHIN<br>D.C. Bar #NY0088<br>111 Livingston Street, Suite 1928<br>Brooklyn, New York 11201<br>(718) 855-3627 | BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By:   /s/ Michael A. Tilghman II<br>       MICHAEL A. TILGHMAN II<br>       D.C. Bar #988441<br>       Assistant United States Attorney<br>       U.S. Attorney's Office, Civil Division<br>       555 Fourth Street, NW<br>       Washington, DC 20530<br>       (202) 252-7113<br>       Michael.Tilghman@usdoj.gov |
| *Attorney for Plaintiff* | *Attorneys for the United States of America* |

Dated: February 4, 2021